GailAnn Y. Stargardter (Bar No. 250749)
   gstargardter@lslawoffices.com
LEHAVI STARGARDTER, LLP
P.O. Box 5973
Orange, California 92863
Telephone:  949.570.9575
Facsimile:   949.570.9580

Attorneys for Plaintiff
ATAIN SPECIALTY INSURANCE
COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROCON DEVELOPMENT, INC, a California corporation; SHASTA BEVERAGES, INC., a Delaware corporation,<br><br>Defendants. | Case No. 8:25-cv-02549<br><br>**ATAIN SPECIALTY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT** |

Plaintiff Atain Specialty Insurance Company for its Complaint against Defendants Procon Development, Inc. ("Procon"), and Shasta Beverages, Inc. ("Shasta") alleges the following:

## **JURISDICTION AND VENUE**

1.     Jurisdiction of this action is founded upon Title 28 United States Code section 1332, as there is complete diversity of citizenship between Plaintiff and Defendants in this matter and the amount in controversy exceeds the sum of $75,000, exclusive of interest and cost. This Court also has jurisdiction over this claim under the Declaratory Judgment Act (28 U.S.C. § 2201).

2.     Venue is proper in the Central District of California, Southern Division

pursuant to Title 28 United States Code section 1391(b)(1) and (c)(2) in that
Defendant Procon is a resident of Los Alamitos, Orange County, California. Venue is
also proper in this district pursuant to Title 28 United States Code section 1391(b)(2)
as Atain issued the insurance policy at issue in this litigation to Procon in Los
Alamitos, Orange County, California, and the Underlying Action giving rise to this
lawsuit is filed in Orange County, California.

## PARTIES

3.     Plaintiff Atain is a corporation organized and incorporated under the laws
of the State of Michigan, with its principal place of business in Farmington Hills,
Michigan.

4.     Defendant Procon is a California corporation with its principal place of
business in Los Alamitos, Orange County, California.

5.     Defendant Shasta is a Delaware corporation with its principal place of
business in Fort Lauderdale, Florida.

## GENERAL ALLEGATIONS

**A.     Allegations In The Underlying Action**

6.     On February 15, 2022, Shasta filed a lawsuit styled *Shasta Beverages,
Inc. v. Procon Development, Inc.*, in Orange County Superior Court, Case No. 30-
2022-01245514-CU-BC-CJC ("Underlying Action.) A true and correct copy of
Shasta's Complaint is attached as **Exhibit A** and incorporated by reference herein.

7.     The Complaint asserts a single cause of action against Procon for breach
of contract.

8.     The Complaint alleges Shasta hired Procon to perform construction work
and related services at three of its facilities located at 14405 E. Artesia Boulevard, La
Mirada, California 90638; 26901 Industrial Blvd, Hayward, California 94545; and
1227 Andover Park E., Tukwila, Washington 98188 ("Projects").

9.     The services Procon was hired to perform included supplying labor,
material, and equipment to demolish, remove, provide, and/or install, inter alia,

mechanical components and/or systems, electrical components and/or systems, plumbing work, flooring, fixtures, equipment, doors, restrooms, fences, painting, and concrete.

10.    The Complaint alleges that Procon breached its obligation under each contract by failing to perform its work in accordance with each contract, failing to timely perform its work, providing deficient or incorrect plans, performing deficient work, damaging existing property at that facilities that was not its work, performing work without proper permits, and failing to correct deficient work after being given notice and an opportunity to cure the same.

11.    The Complaint alleges that Procon was not properly licensed and/or did not maintain proper licensure to perform its services.

12.    The Complaint alleges that as a result of Procon's breaches, Shasta suffered damages in an amount to be proven at trial but at least $3,000,000.

**B.    Procon Tenders The Shasta Action To Atain**

13.    Procon tendered defense of the Underlying Action to Atain on March 11, 2022.

14.    By letter dated March 22, 2022, Atain accepted the defense of the Underlying Action subject to a full and complete reservation of rights and appointed counsel to defend Procon. Atain reserved its rights to seek reimbursement of defense fees and costs if it was determined its policies provided no coverage for the Underlying Action. A true and correct copy of Atain's reservation of rights letter dated March 22, 2022, is attached hereto as **Exhibit B** and incorporated herein by reference.

15.    Atain issued a supplemental reservation of rights on May 6, 2025, in which it asserted additional coverage defenses and reserved its right to seek reimbursement of any amounts paid to indemnify Procon against the claims asserted in the Underlying Action. A true and correct copy of Atain's reservation of rights letter dated May 6, 2025, is attached hereto as **Exhibit C** and incorporated herein by

reference.

**C.    The Atain Policies**

16.    Atain issued policies to Procon covering the consecutive policy periods running from June 14, 2017 through June 14, 2020. True and correct copy the Atain policies are attached hereto as **Exhibit D** and incorporated herein by reference.

17.    The Policy Declarations state that the only coverage part included in the policy is Commercial General Liability Coverage Part. The Declarations state: "Professional Liability Coverage Part NOT COV'D."

18.    The Atain policies include Commercial General Liability Coverage Form CG 00 01 (04/13). The Coverage A insuring agreement in this form states:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.    Insuring Agreement**
>
> **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….
>
> * * *
>
> **b.**    This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;"

1          **(2)**    The "bodily injury" or "property damage" occurs

2               during the policy period; and

3       19.    The Coverage A portion of Commercial General Liability Coverage

4   Form CG 00 01 (04/13) contains the following exclusions:

5       **2.**    **Exclusions**

6       This insurance does not apply to:

7                          * * *

8       **j.**    **Damage To Property**

9           "Property damage" to:

10                        * * *

11          **(5)**    That particular part of real property on which you or

12               any contractors or subcontractors working directly or

13               indirectly on your behalf are performing operations,

14               if the "property damage" arises out of those

15               operations; or

16          **(6)**    That particular part of any property that must be

17               restored, repaired, or replaced because "your work"

18               was incorrectly performed on it.

19      **k.**    **Damage To Your Product**

20          "Property damage" to "your product" arising out of it or

21          any part of it.

22      **l.**    **Damage To Your Work**

23          "Property damage" to "your work" arising out of it or any

24          part of it and included in the "products-completed

25          operations hazard".

26          This exclusion does not apply if the damaged work or the

27          work out of which the damage arises was performed on

28          your behalf by a subcontractor.

**m.    Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

20.    The Commercial General Liability Coverage Form includes the following provisions:

**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**

**1.**    We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

\* \* \*

**e.**    All court costs taxed against the insured in the "suit".

However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

21.    The Commercial General Liability Coverage Form includes the following Definitions:

**SECTION V – DEFINITIONS**

**8.**    "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

      **a.**    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

      **b.**    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

\* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

**16.** "Products-completed operations hazard":

      **a.**    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

          **(1)**    Products that are still in your physical possession; or

          **(2)**    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

               **(a)**    When all of the work called for in your contract has been completed.

               **(b)**    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

               **(c)**    When that part of the work done at a job site

has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project. Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

* * *

21. "Your product":

a. Means:

(1) Any goods or products, other than real property,

manufactured, sold, handled, distributed or disposed

of by:

    **(a)**    You;

* * *

  **b.**    Includes:

    **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

    **(2)**    The providing of or failure to provide warnings or instructions.

* * *

**22.**   "Your work":

  **a.**    Means:

    **(1)**    Work or operations performed by you or on your behalf; and

    **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

  **b.**    Includes:

    **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

    **(2)**    The providing of or failure to provide warnings or instructions.

22.    Policy No. CIP32277 contains Endorsement AF001007 (04/2016)—**COMBINED COVERAGE AND EXCLUSION ENDORSEMENT**, which includes the following provisions:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

\* \* \*

**VI.  EXCLUSION (Malpractice and Professional Services)**

The following exclusion is added to Part 2. Exclusions of **SECTION I—COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY of the COMMERCIAL GENERAL LIABILITY FORM**.

This insurance does not apply to:

"Bodily injury', "property damage" or "personal injury and advertising injury' including payment for loss or defense costs in connection with any claim made against any insured based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the rendering or failure to render any professional service by, but not limited to, any Accountant, Architect, Engineer, Insurance ,Agent or Broker, Lawyer, Medical Professional or Real Estate ,Agent Broker, or any other service that is of a professional nature.

\* \* \*

**XI.   ANTI-STACKING AND NON-DUPLICATION OF LIMITS OF INSURANCE**

If any Coverage Form, Coverage Part or policy issued to you by us or any company affiliated with us apply to the same claim for expenses or damages, the maximum Limit of Insurance for Liability Coverage under all of the Coverage Forms, Coverage Parts or policies shall not exceed the highest applicable Limit of Insurance available under anyone Coverage Form, Coverage Part or policy.

This endorsement does not apply to any Coverage Form, Coverage Part or policy issued by us or an affiliated company specifically to apply as excess insurance over this policy.

23. Policy Nos. CIP348954 and CIP377992 contain ENDORSEMENT AF001 (06/17)—**COMBINED COVERAGE AND EXCLUSION ENDORSEMENT,** which includes the following provisions:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

* * *

VI. PROFESSIONAL SERVICES EXCLUSION

The following exclusion is added to Part 2. Exclusions of **SECTION I—COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY of the COMMERCIAL GENERAL LIABILITY FORM**.

This insurance does not apply and there shall be no duty to defend or indemnify any insured for any "occurrence", "suit", liability, demand or cause of action arising, in whole or in part, out of any claim involving the rendering or failure to render any "professional service."

Further, when any insured has purchased or obtained errors and/or omissions coverage or any other type of professional insurance coverage and the claim, in any way, arises, in whole or in part, out of the services performed by any insured, there shall be no duty to defend or indemnify under this policy. Whether or not such E&O or any other professional coverage has been purchased or obtained, however, the first paragraph of this

exclusion remains in full force and effect.

"Professional service" includes, but is not limited to, any of the following: (1) accountant; (2) architect; (3) engineer; (4) insurance agent or broker; (5) lawyer; (6) any medical professional; (7) real estate agent or broker; (8) surveyor; (9) health inspector; (10) safety inspector; (11) any service where an insured is retained or asked to render an opinion, written or verbal, to a third party; or (12) any other service that is of a professional nature, regardless of whether a license or certification is required.

\* \* \*

## XI.    ANTI-STACKING AND NON-DUPLICATION OF LIMITS OF INSURANCE

If any Coverage Form, Coverage Part or policy issued to you by us or any company affiliated with us apply to the same claim for expenses or damages, the maximum Limit of Insurance for Liability Coverage under all of the Coverage Forms, Coverage Parts or policies shall not exceed the highest applicable Limit of Insurance available under anyone Coverage Form, Coverage Part or policy.

This endorsement does not apply to any Coverage Form, Coverage Part or policy issued by us or an affiliated company specifically to apply as excess insurance over this policy.

24.    Each policy includes Endorsement AF001741 (04/2016)—**EXCLUSION-DESIGNATED OPERATIONS-STATE OF WASHINGTON**, which states:

This Endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

* * *

This Endorsement changes the policy effecti1.e on the inception date of the policy unless another date is indicated below.

This Insurance does not apply to "bodily injury", "property damage""", and/or "personal and advertising injury", arising out of any ongoing operations or completed operations that take place in whole or in part in the State of Washington. There shall be no duty to defend or indemnify any insured in connection with any "occurrence", claim, demand, cause of action, or "suit"" arising under the laws of the State of Washington or out of any ongoing operations or completed operations that take place in whole or in part in the State of Washington.

## **FIRST CAUSE OF ACTION**

### **(Declaratory Judgment—No Duty To Defend Procon)**

25.    For its first cause of action, Atain incorporates herein by reference, as if fully restated, paragraphs 1-24, above.

26.    The Coverage A insuring requires Atain to defend Procon against claims for damages because of "property damage." Any such "property damage" must occur while the Atain policies are in force.

27.    The last policy issued by Atain to Procon expired on June 14, 2020. Atain has no obligation to pay for any "property damage" including any loss of use, occurring after June 14, 2020.

28.    Neither an insured's defective work itself nor the cost to remediate an insured's defective work is "property damage" as that term is defined by California law. To the extent Procon's work at the Projects was defective at the time it was performed, this defective work is not "property damage" and does not fall within the scope of the Coverage A insuring agreement.

29.    To the extent that any work performed by Procon is deemed to be

"property damage" that occurred the Atain policies were in force but occurred while Procon was performing its ongoing operations at the Projects, all potential coverage for that damage is eliminated by Exclusions j.(5) and j.(6).

30.    Exclusion k. eliminates all coverage for "property damage" to Procon's product or arising out of Procon's product.

31.    Exclusion l. eliminates all coverage for "property damage" to Procon's work, or arising out of its work, that occurred after Procon completed its operations at the Projects.

32.    Exclusion m. eliminates coverage for "property damage" to "impaired property," defined as tangible property other than Procon's work, that cannot be used or is less useful because Procon's work was incorrectly performed.

33.    All potential for coverage for the claims asserted against Procon in the Underlying Action is eliminated by the Professional Service Exclusion.

34.    All potential for coverage for any damages sought by Shasta with respect to the Tukwila, Washington Project is eliminated by Exclusion-Designated Operations-State Of Washington.

35.    For all of the reasons set forth in Paragraphs 26 through 34 above, Atain contends that it has no duty to defend Procon against the claims asserted in the Underlying Action.

36.    Atain is informed and believes that Procon disputes each of Atain's contentions and asserts that Atain is obligated to afford it a defense to the claims asserted in the Underlying Action.

37.    Atain therefore desires a judicial determination of its rights and liabilities, if any, and a declaration that it has no duty to defend Procon with respect to any and all claims asserted against it in the Underlying Action.

38.    Such declaration is necessary and appropriate because Atain has no plain, speedy or adequate remedy at law, and by reason of such delay, will suffer great and irreparable injury in that it has and will continue to incur investigative costs and fees

and defense costs and fees in defending against claims that are not covered under its policies and may have to pay to settle a claim it does not owe. Such a declaration is appropriate in order that Atain and Procon may ascertain their respective rights and duties under the Atain policies. Such controversy is incapable of resolution without judicial adjudication.

39.    If the Court determines that Atain owes a duty to defend Procon for some, but not all, of the claims asserted against it in the Underlying Action, Atain is entitled to and desires an allocation between covered and non-covered claims for payment of any attorney fees, costs, or investigative fees and costs incurred by it.

## **SECOND CAUSE OF ACTION**

### **(Declaratory Relief—No Duty To Indemnify Procon or Shasta)**

40.    For its second cause of action, Atain incorporates herein by reference, as if fully restated, paragraphs 1-39, above.

41.    For the reasons set forth in Paragraphs 26through 34 above, the Atain policies afford no coverage for any settlements that may be entered into to resolve the Underlying Action or any judgment that may be entered against Procon in the Underlying Action.

42.    Atain contends that it has no duty to indemnify Procon against any settlement that may be entered into to resolve the Underlying Action or to satisfy any judgment that may be entered against Procon in that Action and that Shasta may seek to enforce against Atain under California Insurance Code section 11580, subdivision (b).

43.    Atain is informed and believes that Procon and Shasta dispute each of Atain's contentions and contend that Atain is obligated to indemnify Procon and Shasta against the claims asserted in the Underlying Action, to satisfy any settlement or judgment that may be entered into or against Procon in that Action, and to satisfy any judgment Shasta may then seek to enforce against Atain under California Insurance Code section 11580, subdivision (b).

44.     Atain therefore desires a judicial determination of its rights and duties, if any, and a declaration that it has no duty to indemnify Procon or Shasta against the claims asserted in the Underlying Action, to satisfy any settlement that may be entered into to resolve the Underlying Action, or to satisfy any judgment that may be entered against Procon in the Underlying Action and which Shasta may seek to enforce under California Insurance Code section 11580, subdivision (b).

45.     Such declaration is necessary and appropriate because Atain has no plain, speedy, or adequate remedy at law, and by reason of such delay, will suffer great and irreparable injury. Such a declaration is appropriate in order that Atain, Procon and Shasta may ascertain their respective rights and duties under the Atain policies. Such controversy is incapable of resolution without judicial adjudication.

46.     If the Court determines that Atain owes a duty to indemnify Procon under its policies, for some, but not all, of the claims asserted against Procon, Atain is entitled to and desires an allocation between covered and non-covered claims for payment of any settlements or judgments. Atain also seeks a declaration that the anti-stacking provisions in its policies limit the amount of coverage available for any covered claims.

## **THIRD CAUSE OF ACTION**

### **(Reimbursement of Defense Fees and Costs–Against Procon)**

47.     For its third cause of action, Atain incorporates herein, as if fully restated, paragraphs 1-46 above.

48.     In light of the fact that all of the costs and fees incurred in the defense of Procon with respect to the Underlying Action are not the responsibility of Atain inasmuch as there is no coverage for these claims under it policy, Atain is entitled to a full and complete reimbursement from Procon of all such fees, costs, paid, incurred, or to be incurred, in connection with the defense of these claims from March 22, 2022, through the time it withdraws from the defense.

49.     Pursuant to *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643

(2005), *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489 (2001), and other cases, Atain is entitled to recover damages from Procon by way of reimbursement of all defense fees and costs incurred or to be incurred in connection with defending the Underlying Action in a sum which will be proved at trial.

50.    If the Court determines there is coverage under the Atain policies for some, but not all, of the claims asserted against Procon in the Underlying Action, Atain is entitled to and desires an allocation between covered and non-covered claims, if any and is entitled to reimbursement for payment of defense fees and costs attributed to non-covered claims.

## **FOURTH CAUSE OF ACTION**

### **(Reimbursement of Amounts Paid to Indemnify Procon–Against Procon)**

51.    For its fourth cause of action, Atain incorporates herein, as if fully restated, paragraphs 1-50 above.

52.    In light of the fact that any amounts that Atain may pay to resolve the claims asserted against Procon in the Underlying Action are not the responsibility of Atain inasmuch as there is no coverage for these claims under it policies, Atain is entitled to a full and complete reimbursement from Procon of all amounts paid, or that it may pay, in connection with the settlement of the Underlying Action or to satisfy any judgment that may be entered against Procon in the Underlying Action.

53.    Pursuant to *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489 (2001), and other cases, Atain is entitled to recover damages from Procon by way of reimbursement of all amounts paid to satisfy any settlement or judgment that may be entered against Procon in the Underlying Action in in a sum which will be proved at trial.

54.    If the Court determines there is coverage under the Atain policies for some, but not all, of the claims asserted against Procon in the Underlying Action, Atain is entitled to and desires an allocation between covered and non-covered claims, if any and is entitled to reimbursement for payment of any portion of any settlement or

judgment made with respect to the non-covered claims

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Atain prays for relief as follows:

1.      For a judgment that, by reason of the terms, conditions, and exclusions in its policies, Atain has and never had a duty to defend Procon with respect to any claims asserted in the Underlying Action, as set forth in the First Cause of Action, and that it may withdraw from that defense;

2.      For a judgment that, by reason of the terms, conditions, and exclusions in its policies, Atain has no duty to indemnify Procon or Shasta with respect to the claims asserted in the Underlying Action, as set forth in the Second Cause of Action;

3.      For a judgment that Atain is entitled to reimbursement from Procon for any and all sums expended in defense of the claims in the Underlying Action, as set forth in the Third Cause of Action;

4.      For a judgment that Atain is entitled to reimbursement from Procon for any and all sums expended in settle of the claims asserted in the Underlying Action, or to satisfy any judgment entered against Procon in that Action, as set forth in the Fourth Cause of Action;

5.      If this Court determines that the Atain policies apply to some but not all of the claims asserted against Procon in the Underlying Action, Atain seeks a declaration allocating between covered and non-covered claims all fees, costs, expenses, settlements, and/or judgments made in connection with the claims asserted in the Underlying Action;

6.      If this Court determines that the Atain policies apply to some but not all of the claims asserted against Procon in the Underlying Action, Atain seeks a declaration that the anti-stacking provision in its policies apply to limit the amount of coverage available for any covered claims;

7.      For interest, including prejudgment interest on all defense fees and costs;

8.      For interest, including prejudgment interest on all amounts paid to

indemnify Procon; and

9.    For such other and further relief as this Court deems just and proper.

Dated: October 13, 2025                LEHAVI STARGARDTER, LLP

                                       _/s/ GailAnn Y. Stargardter_
                                       GailAnn Y. Stargardter
                                       Attorneys for Plaintiff ATAIN SPECIALTY
                                       INSURANCE COMPANY